## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISS. _____
LOCAL RULE 4.1 _____
WAIVER OF SERV. _____
MCF ISSUED _____
BY DPTY CLK _____
DATE _____

| | | |
|---|---|---|
| PETER L. DUFFY, | ) | Civil Action No. |
| | ) | |
| Plaintiff | ) | 5 U.S.C. Sec. 552 and 552a |
| | ) | Complaint for Violation of |
| Vs. | ) | Freedom of Information Act |
| | ) | (FOIA) and Privacy Act (PA) |
| DEPARTMENT OF THE NAVY | ) | |
| Defendant | ) | |

04 · 105...

Referred to MJ LPCohen

### COMPLAINT

1.      This is an action for declaratory relief pursuant to the Freedom of Information Act, 5 U.S.C. Sec. 552 and the Privacy Act, 5 U.S.C. Sec. 552a.

### JURISDICTION AND VENUE

2.      This Honorable Court has jurisdiction over this action under 5 U.S.C. Sec. 552(a)(4)(B) and 5 U.S.C. Sec. 552a (g)(1)(B).

3.      Venue is proper under 28 U.S.C. Sec. 1402(a)(1). Peter L. Duffy resides at 210 Boston Road, Sutton, Massachusetts, within the judicial district of this Honorable Court.

### STATEMENT OF FACTS

4.      The Plaintiff, Peter L. Duffy, was officially selected for the GS-15 position of Department Head, Missile and Platform Systems Department, at the Naval Undersea Warfare Center (NUWC), Newport, RI on 31 January 1998.

5.      Plaintiff was nominated, selected and attended the Alfred P. Sloan Fellows Program at the Massachusetts Institute of Technology from June 1999 to June 2000. Plaintiff's employer, the NUWC paid all costs associated with this one-year assignment including salary, tuition and long

term travel costs. Plaintiff earned a Master of Business Administration (MBA) degree upon graduation, with a Grade Point Average of 4.8 on a scale of 5.0.

6.      Upon his return to his official position at the NUWC in June 2000, Plaintiff was informed that his SES supervisor, Dr. David Dence, had been demoted into Plaintiff's official position. Plaintiff was unofficially detailed into an undefined staff position.

7.      On 18 August 2000, Plaintiff filed a protected disclosure with the Naval Sea Systems Command (NAVSEA) Inspector General (IG). This complaint alleged that the three most senior Senior Executive Service (SES) members at the NUWC unfairly removed the Plaintiff from his position, abused their positions as well as misused government resources. Complaint was signed by complainant and sent certified mail.

8.      On 11 September 2000, Captain Maureen Bannon, NAVSEA IG contacted Plaintiff to inform him that his complaint was outside her jurisdiction at that she had forwarded it to the Secretary of the Navy, Inspector General, Office for Special Inquiries.

9.      On 7 January 2001, Plaintiff is officially removed from his position as Head, Missile and Platform Systems Department.

10.     On 12 February 2002, the Naval IG released their Report of Investigation, Senior Official Case 20000836. The Naval IG did not substantiate the allegation that Plaintiff was unfairly removed from his position. The Naval IG did substantiate the plaintiff's allegation that subjects of the investigation had abused their positions and misused government resources. The report stated, "the facts of this case suggest a pre-meditated, conspiratorial effort to defraud the Government".

11.     On 28 February 2002, Plaintiff files a perfected Freedom of Information Act (FOIA) and Privacy Act (PA) request with the NUWC, Exhibit A. Plaintiff filed this and other FOIA/PA requests in an attempt to ascertain an understanding of 1.) the reasons for his removal from his

official position, and 2.) evidence to substantiate that his employer had retaliated against him for filing a protected disclosure with the Naval Inspector General.

12.     On 15 March 2002, Plaintiff emailed Mr. Gary Stigerwald, NUWC Public Affairs Officer (PAO), responsible for administering FOIA/PA requests and notified him that he was in violation of command policy since he had not acknowledged receipt of Plaintiff's request within the required ten (10) working days.

13.     On 18 March 2002, Mr. Stigerwald sent the following reply to Plaintiff, "Your request has been received and is being processed."

14.     On 1 April 2002, Plaintiff sends a follow-up inquiry to Mr. Stigerwald informing him of his responsibility to process Plaintiff's requests in accordance with Navy policy.

15.     On or about 3 May 2002, the three NUWC SES subjects of Plaintiff's IG complaint are removed from their executive positions and placed on paid administrative leave.

16.     On 10 May 2002, Mr. Stigerwald sends the following reply message to Plaintiff; "Peter, sorry for the slow reply, but I was unsure if I'd have the cover letter prepared. The package is all set and can be picked up in the PAO Office, Bldg 990/5."

17.     The 10 May 2002, FOIA/PA response is provided as Exhibit B. The second paragraph, third sentence states; " Additional records have been located that appear responsive, but are believed to be exempt from both the PA and FOIA. As this command does not have denial authority, those records have been forwarded to the Naval Sea Systems Command for review and release determination."

18.     On or about 23 June 2002, two of the three SES IG investigation subjects retire from civil service the day before they are to be removed from the federal government. The third SES subject retires on or about 3 July 2002.

19.     On 5 July 2002, Plaintiff appealed, to the General Counsel of the Navy, concerning the adequacy of search and NUWC's failure to respond within the FOIA and PA statutory time limits. This appeal is provided as Exhibit C.

20.     On 16 July 2002, Mr. Theodore Fredman, Assistant to the General Counsel, Department of the Navy responded by letter stating, "Your appeal will be processed as soon as possible."

21.     On 23 September 2002, Plaintiff sent a letter of inquiry to Mr. Fredman questioning the Navy's diligence in response to Plaintiff's FOIA/PA requests and appeals. This letter of inquiry is provided as Exhibit D.

22.     On 7 October 2002, Mr. Fredman replied by letter to Plaintiff's 23 September inquiry. In summary he informed plaintiff that his appeal "is still pending". Mr. Fredman's letter is provided as Exhibit E.

23.     A settlement agreement is reached, on 28 March 2003, between the Plaintiff and the NUWC in regards to Plaintiff's Office of Special Counsel Complaints regarding whistleblower retaliation. This agreement ends any potential litigation, by Plaintiff, against the Agency.

24.     Plaintiff sent emails of inquiry to Mr. Fredman on 17 February 2003, Exhibit F, on 9 June 2003, Exhibit G, and on 7 October 2003, Exhibit H.

25.     Mr. Fredman sent replies to Plaintiff's inquiries on 27 February 2003, Exhibit I, and on 9 June 2003, Exhibit J. No response was provided to the Plaintiff's 7 October 2003 inquiry.

26.     On 9 January 2004, after almost twenty-three (23) months, Mr. A.W. Lengerich of the Naval Sea Systems Command issued a decision on Plaintiff's 28 February 2002, FOIA/PA request. His response is provided as Exhibit K. In summary, Mr. Lengerich ruled that the Privacy

Act did not apply and that seventy-five pages, out of eighty-five responsive pages identified, were exempt under FOIA exemptions (b)(5) and (b)(6).

27.    On 24 January 2004, Plaintiff again appealed to the Department of the Navy, Office of General Counsel, Mr. Theodore Fredman. This appeal is provided as Exhibit L.

28.    On 1 March 2004, Mr. Arthur Hildebrandt, Associate General Counsel, Department of the Navy, responded to Plaintiff's appeal. His response is provided as Exhibit M. In summary, Mr. Hildebrandt ruled that the Privacy Act did not apply. Under the Freedom of Information Act all but three pages were denied under exemptions (b)(5) and (b)(6). The three pages that were disclosed were heavily redacted.

## ALLEGATION  #1

29.    Paragraphs 4-28 are incorporated herein just as if fully recited.

30.    Defendant has improperly withheld seventy-five pages of requested records from Plaintiff under FOIA, 5 U.S.C. Sec. 552, exemptions (b)(5) and (b)(6). Plaintiff respectfully requests this Honorable Court to review the withheld records in camera de novo.

## ALLEGATION  #2

31.    Paragraphs 4-28 are incorporated herein just as if fully recited.

32.    Defendant, willfully and materially violated Plaintiff's statutory rights with regards to the time limits allowed under 5 U.S.C. Sec. 552 (a)(6) by taking over two years to process Plaintiff's Freedom of Information Act request and appeal.

33.    Congress, in their "A Citizen's Guide on Using the Freedom of Information Act of 1974 to Request Government Records" stated, "The courts have been reluctant to provide relief

solely because the FOIA's time limits have not been met. The best advice to requesters is to be patient." [1]

34.    Plaintiff respectfully submits that he has shown great patients and responsibility by exhausting his administrative options rather than burden this Honorable Court. Conversely, Defendant has demonstrated, as captured in Exhibits E, I, J, K and M, an irresponsible disregard for the responsive time limits clearly stated in the law.

35.    The Naval Sea Systems Command employs approximately 23,000 employees. If it were a public company it would rank as a Fortune 100 company. NAVSEA has the resources to meet the time limits required by FOIA and PA laws. However, this government organization willfully chooses to create an environment that is intended to discourage and frustrate FOIA/PA requestors into abandoning their pursuit of open disclosure.

## ALLEGATION #3

36.    Paragraphs 4-28 are incorporated herein just as if fully recited.

37.    Defendant has declared, in Exhibit L, page 2, "Therefore, under the Privacy Act, you are not entitled to access to the responsive records." Because "responsive records are not filed within a system of records"

38.    Defendant previously declared, in Exhibit J, pages 1-2, "the records forwarded to NAVSEA for processing are not normally retrieved using a personal identifier". Plaintiff respectfully submits that 5 U.S.C. 552a does not distinguish between "normally" and "not normally". Furthermore, Defendants statement implies that responsive records were retrieved using a personal identifier, regardless if it were "normally" or "not normally" done, and therefore meets the system of records requirement.

---

[1] Page 13, 106th Congress, 1st Session, House report 106-50, U.S. Government Printing Office, Washington:1999

39.     Therefore, Defendant has improperly withheld seventy-five pages of requested records from Plaintiff under the PA, 5 U.S.C. Sec. 552a. Plaintiff respectfully requests this Honorable Court to review the seventy-five pages of responsive records withheld, in camera de novo, under the provisions of 5 U.S.C. 552a.

### ALLEGATION  #4

40.     Paragraphs 4-28 are incorporated herein just as if fully recited.

41.     Defendant, willfully and materially violated Plaintiff's statutory rights with regards to the Navy established time limits required under 5 U.S.C. Sec. 552a (f) by taking over two years to process Plaintiff's Privacy Act request and appeal.

### PRAYER FOR RELIEF

Wherefore, Plaintiff prays that this Honorable Court enter judgment for Plaintiff against Defendant, finding that Defendant's willful actions violated Plaintiff's rights under the Freedom of Information Act, 5 U.S.C. Sec. 552 and the Privacy Act, 5 U.S.C. Sec. 552a.

Plaintiff prays for the following relief:

Declaratory Relief:

- Declare that the Department of the Navy has violated the provisions of the Freedom of Information Act by unlawfully withholding seventy-five pages of responsive records that Plaintiff requested on 28 February 2002. Order Defendant to release to Plaintiff all seventy-five pages of withheld records, un-redacted.

- Declare that the Department of the Navy has violated the provisions of the Privacy Act by unlawfully withholding seventy-five pages of responsive records that Plaintiff requested on

28 February 2002. Order Defendant to release to Plaintiff all seventy-five pages of withheld records, un-redacted.

- Declare that the Department of the Navy has violated the provisions of the Freedom of Information Act by willfully and materially exceeding the time limit requirements specified in 5 U.S.C. Sec. 552 (a)(6).

- Declare that the Department of the Navy has violated the provisions of the Privacy Act by willfully and materially exceeding the time limit requirements specified in 5 U.S.C. Sec. 552a (f).

- Issue, to the Office of Special Counsel, a written finding that the circumstances surrounding the withholding of records from Plaintiff, by Mr. Lengerich as the senior NAVSEA Official responsible for the FOIA and PA, raises questions whether agency personnel acted arbitrarily or capriciously with respect to the withholdings, 5 U.S.C. Sec. 552 (a)(4)(F).

- Pay Plaintiff any reasonable attorney fees and other litigation costs.

- Pay Plaintiff any other legal and equitable relief, that this Honorable Court may deem appropriate and to which Plaintiff may be entitled.


Respectfully submitted,


Peter L. Duffy
Plaintiff, Pro Se

210 Boston Road
Sutton, MA  01590
(508) 865-7977

# Exhibit A

**Duffy Peter L NPRI**

| | |
|---|---|
| **From:** | Duffy Peter L NPRI |
| **Sent:** | Thursday, February 28, 2002 12:18 PM |
| **To:** | Steigerwald Gary A NPRI |
| **Cc:** | Bloomfield Patrick M CAPT NPRI; Keil Juergen G NPRI; 'Jparks (E-mail); Laura Stefani (E-mail) |
| **Subject:** | PA / FOIA Request |

Gary,

Please be advised that in accordance with NUWC Division Newport Instruction 5720.2B I have sent the attached Privacy Act (PA) / Freedom of Information Act (FOIA) request to you via the NUWC Mail and File Group.

R/ Peter



PA FOIA Request.doc

From:       Peter L. Duffy
To:         Mr. Gary Steigerwald, Code 01B, Public Affairs Officer (PAO)
Via:        NUWC Mail and File Group, Code 5442

Subject:    **Privacy Act (PA) / Freedom of Information Act (FOIA) Request**

Reference:  (a) NUWC Division Newport Instruction 5211.1D, Implementation of PA of 1974
            (b) NUWC Division Newport Instruction 5720.2B, FOIA Program

1.  In accordance with references (a) and (b) I am requesting the following records under either the Privacy Act or the Freedom of Information Act, whichever provides for the greatest release of information.
2.  A copy of the following records are requested:
    a.) Electronic mail (email) sent to Captain Patrick Bloomfield from Peter L. Duffy on or about 1 April 2001.
    b.) Email sent to Captain Bloomfield from Peter L. Duffy on or about 10 July 2001.
    c.) Any email that Captain Bloomfield sent, either forwarding or referencing the a.) or b.) Emails identified above, to anyone within the Department of the Navy (DON).
    d.) Any correspondence / record to any employee within the DON, in reference to Peter L. Duffy's; Naval Inspector General Complaint, Office of Special Counsel Complaints, utilization of a Leave Without Pay Status (LWOP), denial of advance leave, 2000 - 2001 Performance Evaluation, 2000 - 2001 Performance Award.
3.  Please note that I am willing to pay all applicable fees associated with this request. However, a waiver of these fees is requested, as the information will be used in the best interest of the public.
4.  Additionally, I request that this request be expedited in light of the fact that Captain Bloomfield is in the process of transferring to a new assignment and I am concerned about the loss of these records during his transition.
5.  It is requested that all records be sent to me at the following address:
    Peter L. Duffy, Code 74
    Building 1351, 4th floor
    Cubical Number: 412C
6.  Your prompt attention to this matter is appreciated.

Peter L. Duffy
X 27249

# Exhibit B



**DEPARTMENT OF THE NAVY**

NAVAL UNDERSEA WARFARE CENTER DIVISION
1176 HOWELL STREET
NEWPORT RI 02841-1708

IN REPLY REFER TO:

5720
May 10, 2002

Mr. Peter Duffy
Code 70, Bldg. 1346
4th floor, Rm #404D
Naval Undersea Warfare Center Division, Newport
Newport, RI 02841-1708

Dear Mr. Duffy:

This is in response to your email of 28 February 2002 in which you request record under either the Privacy Act (PA) or Freedom of Information Act (FOIA) pertaining to:

    a.) Electronic mail (email) sent to Captain Patrick Bloomfield from Peter L. Duffy on or about 1 April 2001.

    b.) Email sent to Captain Bloomfield from Peter L. Duffy on or about 10 July 2001.

    c.) Any email that Captain Bloomfield sent, either forwarding or referencing the a.) or b.) Emails identified above, to anyone within the Department of the Navy (DON).

    d.) Any correspondence / record to any employee within the DON, in reference to Peter L. Duffy's; Naval Inspector General Complaint, Office of Special Counsel Complaints, utilization of leave, placement in a Leave Without Pay Status (LWOP), denial of advance leave, 2001 Performance Evaluation, 2001 Performance Award.

Records have been located that appear responsive to your request. Many of these records are clearly releasable and are enclosed. Additional records have been located that appear responsive, but are believed to be exempt from both the PA and FOIA. As this command does not have denial authority, those records have been forwarded to the Naval Sea Systems Command for review and release determination.

Be aware that based on your concerns, a screening for all responsive e-mail files was conducted on 8 March. Additionally, responsive correspondence was requested for all known involved parties at that time. If you know of any specific file, or individual that might hold files responsive to your request you may resubmit your request. Please include as much detail as possible so that a comprehensive search can be conducted.

If you do not believe a thorough search was conducted, you have the right to appeal within 60 calendar days to the General Counsel, Navy Department, Washington, D.C. 20360-5110.  If you chose to do so please attach a copy of this letter.

Sincerely,

G. A. STEIGERWALD
Public Affairs Officer
By direction

# Exhibit C

5 July, 2002

## Privacy Act (PA) / Freedom of Information Act (FOIA) Appeal

Peter L. Duffy
210 Boston Road
Sutton, MA 01590

Mr. Theodore F. Fredman
Assistant to the General Counsel
General Counsel of the Navy
720 Kennon Street SE, Room 214
Washington Navy Yard, DC 20374-5012

Dear Mr. Fredman,

On 28 February 2002 I submitted a PA/FOIA request to the Naval Sea Systems Command, Naval Undersea Warfare Center Division, Newport. Please see enclosure (1) for a copy of this request. On 10 May 2002 I received a partial response to my request. Please see enclosure (2) for a copy of this partial response letter. I would ask that you note that this partial response was received fifty-one (51) working days after the initial request date. Additionally, please note that the letter has been provided by a command that does not have Initial Denial Authority (IDA). Finally note that in the last paragraph of enclosure (2) I am advised that I have the right to appeal within 60 days.

In accordance with FOIA I am submitting the following appeals.

a.) Non response within the statutory time limit – As of today it has been 90 "working days" since I initially submitted my perfected PA/FOIA request. As the Naval Undersea Warfare Center Division, Newport letter states, "records have been located that appear responsive, but are believed to be exempt from both the PA and FOIA". To date I have not been told which of the nine FOIA exemptions apply to these records. Further, I believe the spirit of the law and the openness policy of the federal government, encourages agencies to disclose exempt information whenever possible. Therefore I am appealing to your office that these additional records be provided to me.

b.) Adequacy of search – On 10 July 2001 I sent an electronic mail message to Captain Patrick Bloomfield from my home computer. In my 28 February 2002 request I specifically cited this record as well as copies of any emails forwarding this record to anyone else within the Department of the Navy. The 10 July 2001 email was not provided in the partial response on 10 May 2002. Enclosure (3) is an email response from the Naval Undersea Warfare Center Division, Newport, Public Affairs Officer stating that these records were not located during the search. I question the adequacy of this search. I believe precedent has been set that it would be reasonable to expect the command to question Captain Bloomfield, as a part of this search, if in fact he had at any time possessed these records and if these records

were deleted from his computer files. If this were the case I would further submit that it would be reasonable to expect the command to attempt to recover these records from Captain Bloomfield's computer hard drive. Therefore I request that Captain Bloomfield be questioned as to the existence of all files requested and that in the event they were deleted that the command take action to recover them.

If you have any questions concerning this appeal, you may telephone me at (508) 865-7977 (home) or at (401) 832-7249 (work). Thank you for your attention to this matter.

Sincerely,

Peter L. Duffy

Copy to:

Kator, Parks & Weisner
Ms. Jessica L. Parks
Ms. Laura A. Stefani

# Exhibit D

**FOIA Appeal Inquiry**

23 September 2002

Peter L. Duffy
210 Boston Rd
Sutton, MA 01590

Mr. Theodore F. Fredman
Assistant to the General Counsel
Department of the Navy
Office of the General Counsel
720 Kennon Street SE Room 214
Washington Navy Yard, DC 20374-5012

Dear Mr. Fredman,

I am writing in regard to two Freedom of Information Act (FOIA) / Privacy Act (PA)
appeals that I filed with the Navy's Office of General Counsel.

The first was filed on 5 July 2002 and appealed the agency partial response of 10 May
2002 that stated "Additional records have been located that appear responsive, but are
believed to be exempt from both PA and FOIA". Additionally, my appeal questioned the
adequacy of the search. In my letter to you on 5 July I also pointed out that this command
did not have initial denial authority. On 16 July 2002 I received your letter
acknowledging receipt of my appeal and stating "Your appeal will be processed as soon
as possible." Please note that it has been 80 days since that appeal was submitted and 207
days since my initial request. To date I have still not received a response to this appeal.

The second appeal was also filed on 5 July 2002 and appealed the agency response of 3
July 2002. On 25 July 2002 I received your letter acknowledging receipt of my appeal
and stating "Your appeal will be processed as soon as possible." Please note that it has
been 80 days since that appeal was submitted and 138 days since my initial request. To
date I have still not received a response to this appeal.

Given the lack of timely response to my initial requests and subsequent appeals I must
question the Navy's diligence in these requests. Unless I hear otherwise from you I will
assume we have reached the point of constructive exhaustion and will seek judicial
review.

Sincerely,

Peter L. Duffy

# Exhibit E



**DEPARTMENT OF THE NAVY**
OFFICE OF THE GENERAL COUNSEL
720 KENNON STREET SE RM 214
WASHINGTON NAVY YARD DC 20374-5012

Mr. Peter L. Duffy                    OCT - 7 2002
210 Boston Road
Sutton, MA 01590

Dear Mr. Duffy:

     This responds to your letter of 23 September 2002 inquiring
as to the status of your two Freedom of Information Act (FOIA)
and Privacy Act appeals. Both of your appeals were dated 5 July
2002 and were from letters of May 10, 2002 from the Naval
Undersea Warfare Center Division (NUWCD), Newport, Rhode Island.

     The first of the two appeals was received in our office on
July 16, 2002 and was docketed as OGC-102/02. In that appeal you
raised two issues: First, non response by NUWCD for more than 90
working days to your request; and second, adequacy of a search
conducted by NUWCD. That appeal, OGC-102/02 is still pending.
With respect to your first issue, the non response by NUWCD, this
resulted from the internal requirement to forward information
potentially subject to nondisclosure to a higher level, to the
headquarters Naval Sea Systems Command (NAVSEA) for a decision as
to whether to disclose, partially withhold or completely withhold
information. NAVSEA has not yet made a decision on the
information forwarded by NUWCD because your request has to be
processed in a queue in the order in which NAVSEA received the
request. As to your second issue, adequacy of an NUWCD search,
here is what NUWCD advised:

     The Computer/Information Services Department was
     requested to capture all email in the current and back-
     up files from Peter Duffy to Capt. Bloomfield; any
     email sent by Capt. Bloomfield to, or containing
     reference to, Peter Duffy. To accomplish this Capt.
     Bloomfield's mailbox was searched on 3/7/02 for all
     mail that listed "Duffy" in the SUBJECT and MESSAGE
     BODY areas. The oldest backup we had (2/1/02) was then
     searched using the same criteria. Peter Duffy's mailbox
     was searched on 3/8/02 for any email to Capt.
     Bloomfield. Duffy's mailbox was restored from our
     oldest backup (2/1/02) and again searched for any email
     to Capt. Bloomfield. Counsel also verified with Capt.
     Bloomfield that he did not have any emails archived on
     his hard drive related to Duffy.

     In regards to correspondence related to Duffy's IG
     complaint, an inquiry was made of all personnel that

might have had a record.  These were: the NUWC Division
Newport Commander; four personnel of the Human
Resources Organization; two individuals, of the Missile
and Platform Systems Department; and the Counsel.

The second of the two appeals was received in our office on
July 25, 2002 and was docketed as OGC-109/02. In that appeal you
raised the issue of a non response by NUWCD for 42 working days
to your request. A response sent to you by NUWCD on July 3, 2002
was brought to my attention after I contacted NUWCD. Perhaps you
did not receive my letter of August 7, 2002, copy enclosed,
advising you that this appeal was moot.

     If you have any questions, I can be contacted by telephone
at (202) 685-6939 (directly) or (202) 685-7000 (my office); you
can send me a fax at (202) 685-6957/8; or you can send me an
email at theodore.fredman@navy.mil.


                         Sincerely,



                         Theodore F. Fredman
                    Assistant to the General Counsel


Enclosure

# Exhibit F

## Peter L. Duffy

**From:** "Peter L. Duffy" <duffypl@charter.net>
**To:** <theodore.fredman@navy.mil>
**Sent:** Monday, February 17, 2003 10:28 AM
**Subject:** FOIA/PA Appeal OGC-102/02

Peter L. Duffy
210 Boston Road
Sutton, MA 01590

Mr. Theodore F. Fredman
Assistant to the General Counsel
Department of the Navy
720 Kennon Street SE Rm 214
Washington Navy Yard DC  20374-5012

Dear Mr. Fredman,

I am writing to inquire into the status of the subject appeal, OGC-102/02. Please note that this appeal was filed with your office on 5 July, 2002. Also note that the original PA/FOIA request was made approximately a year ago, 28 February, 2002.

On 7 October, 2002 you responded to my inquiry that "OGC-102/02 is still pending". You further stated that "NAVSEA has not yet made a decision on the information forwarded by NUWCD because your request has to be processed in a queue in the order in which NAVSEA received the request".

I seems to me that there has been more than ample time for NAVSEA to process this request. It would seem reasonable to question if there is another reason for this delay. As the appellate authority I would ask that you look into this matter and provide me with an explanation as to why it is taking so long and when I might expect a response. Thank you for your attention to this matter.

Sincerely,
Peter L. Duffy

# Exhibit G

**Peter L. Duffy**

| | |
|---|---|
| **From:** | "Peter L. Duffy" <duffypl@charter.net> |
| **To:** | "Fredman, Theodore OGC" <theodore.fredman@navy.mil> |
| **Cc:** | "Wise Judy P NSSC" <WiseJP@NAVSEA.NAVY.MIL>; "Lewis Effie L NSSC" <LewisEL@NAVSEA.NAVY.MIL>; "Dolan Patricia K NSSC" <DolanPK@NAVSEA.NAVY.MIL>; "Cullin Brian P CAPT NSSC" <CullinBP@NAVSEA.NAVY.MIL> |
| **Sent:** | Monday, June 09, 2003 11:04 AM |
| **Subject:** | FOIA/PA Appeal OGC-102/02 |

Dear Mr. Fredman,

I'm sending out my tri-annual status request on the subject FOIA appeal. I'd be interested in hearing NAVSEA's most recent excuse.
Thank you

Peter Duffy

----- Original Message -----
From: Fredman, Theodore OGC
To: Peter L. Duffy
Cc: Wise Judy P NSSC ; Lewis Effie L NSSC ; Dolan Patricia K NSSC ; Cullin Brian P CAPT NSSC
Sent: Thursday, February 27, 2003 4:26 PM
Subject: RE: FOIA/PA Appeal OGC-102/02

**Dear Mr. Duffy,**

**I apologize for the delay in completing action on your appeal, OGC-102/02 dated 5 July 2002. First let me note that your appeal is the oldest active appeal on the Office of General Counsel's docket and one of only two appeals remaining from FY02 (the other remaining appeal filed in FY02 is also from the Naval Sea Systems Command(NAVSEA)). Second, I have checked with NAVSEA and been advised that your case is number 58 in line for processing out of a total of 227 cases. I regularly speak to NAVSEA personnel as to the status of this appeal and am hoping that it can be completed as soon as possible. However, I am aware that NAVSEA (including the FOIA office) is currently undergoing downsizing and that may result in additional delay in FOIA processing. I am unable to establish a precise date when action will be completed on the appeal.**

**Theodore Fredman**

# Exhibit H

## Peter L. Duffy

| | |
|---|---|
| **From:** | "Peter L. Duffy" <duffypl@charter.net> |
| **To:** | "Fredman, Theodore OGC" <theodore.fredman@navy.mil> |
| **Cc:** | "lstefani@katorparks.com" <lstefani@kator-parks.com>; "jparks@katorparks.com" <jparks@kator-parks.com> |
| **Sent:** | Tuesday, October 07, 2003 4:58 AM |
| **Subject:** | Re: FOIA/PA Appeal OGC-102/02 |

Dear Mr. Fredman,
I want you to know that I have obtained approximately 40 documents under FOIA from the Naval IG, MSPB, OSC and other government agencies. Each of these FOIA requests resulted in documents being provided in under three weeks processing time. For NAVSEA, to take a year and a half to process my request is ridiculous and makes a mockery of the law. You office should do more than be the middleman that passes on the latest NAVSEA excuse. I would think that SECNAV would pursue NAVSEA to see that their obvious defective system was corrected.

Respectfully,
Peter L. Duffy

----- Original Message -----

**From:** Fredman, Theodore OGC
**To:** Peter L. Duffy
**Sent:** Monday, June 09, 2003 1:57 PM
**Subject:** RE: FOIA/PA Appeal OGC-102/02

**Dear Mr. Duffy,**

   **Once more, I apologize for the delay in completing action on your appeal, OGC-102/02 dated 5 July 2002. First let me note that your appeal is the oldest active appeal on the Office of General Counsel's docket; is the only appeal remaining from FY02; and the next oldest appeal was received on April 10, 2003. Second, I have checked with NAVSEA and been advised that your case is number 23 in line for processing out of 210 cases. NAVSEA has informed me that the FOIA office is short staffed, one senior employee is on Family Medical Leave, another employee is frequently absent due to the effects of chemotherapy treatments, and several employees have had illnesses or deaths in their families that require their absence. In addition, the office has been directed that its primary focus during the month of June is an upcoming move to another floor. In additional, the office underwent a seven month time and motion study from September 2002 through March 2003 that greatly interfered with its ability to concentrate on its primary mission.**

**Theodore Fredman**

# Exhibit I

Peter L. Duffy

| | |
|---|---|
| **From:** | "Fredman, Theodore OGC" <theodore.fredman@navy.mil> |
| **To:** | "Peter L. Duffy" <duffypl@charter.net> |
| **Cc:** | "Wise Judy P NSSC" <WiseJP@NAVSEA.NAVY.MIL>; "Lewis Effie L NSSC" <LewisEL@NAVSEA.NAVY.MIL>; "Dolan Patricia K NSSC" <DolanPK@NAVSEA.NAVY.MIL>; "Cullin Brian P CAPT NSSC" <CullinBP@NAVSEA.NAVY.MIL> |
| **Sent:** | Thursday, February 27, 2003 3:26 PM |
| **Subject:** | RE: FOIA/PA Appeal OGC-102/02 |

**Dear Mr. Duffy,**

   **I apologize for the delay in completing action on your appeal, OGC-102/02 dated 5 July 2002.  First let me note that your appeal is the oldest active appeal on the Office of General Counsel's docket and one of only two appeals remaining from FY02 (the other remaining appeal filed in FY02 is also from the Naval Sea Systems Command(NAVSEA)). Second, I have checked with NAVSEA and been advised that your case is number 58 in line for processing out of  a total of 227 cases. I regularly speak to NAVSEA personnel as to the status of this appeal and am hoping that it can be completed as soon as possible. However, I am aware that NAVSEA (including the FOIA office) is currently undergoing downsizing and that may result in additional delay in FOIA processing. I am unable to establish a precise date when action will be completed on the appeal.**

**Theodore Fredman**

# Exhibit J

## Peter L. Duffy

**From:** "Fredman, Theodore OGC" <theodore.fredman@navy.mil>
**To:** "Peter L. Duffy" <duffypl@charter.net>
**Sent:** Monday, June 09, 2003 1:57 PM
**Subject:** RE: FOIA/PA Appeal OGC-102/02

**Dear Mr. Duffy,**

Once more, I apologize for the delay in completing action on your appeal, OGC-102/02 dated 5 July 2002. First let me note that your appeal is the oldest active appeal on the Office of General Counsel's docket; is the only appeal remaining from FY02; and the next oldest appeal was received on April 10, 2003. Second, I have checked with NAVSEA and been advised that your case is number 23 in line for processing out of 210 cases. NAVSEA has informed me that the FOIA office is short staffed, one senior employee is on Family Medical Leave, another employee is frequently absent due to the effects of chemotherapy treatments, and several employees have had illnesses or deaths in their families that require their absence. In addition, the office has been directed that its primary focus during the month of June is an upcoming move to another floor. In additional, the office underwent a seven month time and motion study from September 2002 through March 2003 that greatly interfered with its ability to concentrate on its primary mission.

**Theodore Fredman**

# Exhibit K



**DEPARTMENT OF THE NAVY**

NAVAL SEA SYSTEMS COMMAND
1333 ISAAC HULL AVE SE
WASHINGTON NAVY YARD DC 20376-0001

5720
Ser 00D3/02-0341F
January 9, 2004

IN REPLY TO

Mr. Peter L. Duffy
210 Boston Road
Sutton, MA  01590

Dear Mr. Duffy:

    This is a final response to your undated letter, addressed
to our field activity at the Naval Undersea Warfare Center
(NUWC), Newport, Rhode Island, requesting information under the
Privacy and Freedom of Information Acts.  Specifically, you
requested the following:

    a. Electronic mail from you sent to Captain Patrick
       Bloomfield on or about April 1, 2001.

    b. Electronic mail from you sent to Captain Patrick
       Bloomfield on or about July 10, 2001.

    c. Electronic mail from Captain Patrick Bloomfield
       forwarding or referencing "a" or "b" above.

    d. Correspondence to any employee referencing your Naval
       Inspector General Complaint, Office of Special Counsel
       Complaints, utilization of leave, placement in Leave
       Without Pay (LWOP), denial of advance leave, 2001
       Performance Evaluation and 2001 Performance Award.

    NUWC Newport located records responsive to your request
and sent you all non-exempt information.  They determined that
other documents were likely exempt from mandatory disclosure
pursuant to one or more of the nine FOIA exemptions.  Because
NUWC Newport does not have the authority to deny information
under the FOIA, they forwarded your request to us at Naval Sea
Systems Command (NAVSEA) Headquarters for review and a formal
release determination.

    The Privacy Act provides individuals with a means to access
records maintained about them when the records are maintained in
a group of files that are retrieved using an individual personal
identifier.  In this instance, the records forwarded to NAVSEA

for processing are not normally retrieved using a personal identifier and the Privacy Act does not apply.

Therefore, we considered your request under the FOIA (5 U.S.C. §552) and Secretary of the Navy Instruction 5720.42F.  We reviewed the 85 pages referred by NUWC and determined that 8 pages are appropriate for release in their entirety and major portions of 2 additional pages are appropriate for release.

We also determined that 75 remaining pages are exempt from mandatory disclosure in their entirety pursuant to FOIA subsections (b)(5) and (b)(6).  Additionally, portions of two pages are exempt under FOIA subsection (b)(6).  We have placed brackets on these two pages to indicate how much information was removed.  Subsections (b)(5) and (b)(6) protect the following types of information.

(b)(5) Pre-decisional and deliberative information, the disclosure of which would be detrimental to the Navy's decision-making process by creating a chilling effect on the expression of candid opinions and inhibiting the free and frank exchange of information among agency personnel.

Attorney work-product information, compiled in anticipation of litigation, the disclosure of which would reveal agency strategy;

Attorney-client information, compiled as a result of an attorney-client relationship, the disclosure of which would violate the confidentiality of that relationship.

(b)(6) Information, the disclosure of which would cause a clearly unwarranted invasion of privacy of an individual.

I am the official responsible for this decision. You may file a written administrative appeal to the General Counsel of the Navy, 720 Kennon Street SE, Room 214, Washington Navy Yard, DC 20374-5012.  The General Counsel must receive your appeal within 60 calendar days from the date of this letter.  Your appeal should include a statement explaining why it should be granted.  Both your appeal letter and the envelope should bear the notation, "Freedom of Information Act Appeal."  Should you decide to file an appeal, please send a copy of it to the Commander, Naval Sea Systems Command (SEA 00D3), 1333 Isaac Hull Avenue Southeast, Washington Navy Yard, DC 20376-9919.

Fees for processing your request are minimal and have been waived.  However, fee waivers are considered on a case-by-case basis and you may be charged fees for future requests.

If you have any questions regarding the foregoing, please contact Ms. Stephanie L. Carr at (202) 781-2433.

Sincerely,

A. W. LENGERICH

Enclosures

# Exhibit L

. .  .  )OM OF INFORMATION ACT  ⟶  .AL

Peter L. Duffy                                      24 January 2004
210 Boston Road
Sutton, MA   01590


Department of the Navy
Office of the General Counsel
720 Kennon Street SE  Rm 214
Washington Navy Yard  DC  20374-5012
Attn: Mr. Theodore F. Fredman

Dear Mr. Fredman,


This letter is in response to your letter of 12 January 2004. Accordingly, I wish to submit
this administrative appeal to you in regards to the Naval Sea Systems Command's final
response, NAVSEA letter, Ser 00D3/02-0341F, dated 9 Jan 04, to my 28 February 2002
Privacy Act (PA) and Freedom of Information Act (FOIA) request.

Specifically, I wish to appeal, 1.) NAVSEA's determination that the Privacy Act does not
apply for the reasons stated, and 2.) the appropriateness of both the FOIA (b)(5) and
(b)(6) exemptions to each of the remaining seventy-five (75) records withheld.

As you are well aware the intent of Congress, in regards to both the Privacy Act and
Freedom of Information Act, was disclosure. The intent of FOIA Exemption 5, is to
"safeguard the deliberative policymaking process of government".[1] The intent of FOIA
Exemption 6, is to cover "personnel, medical, and similar files the disclosure of which
would constitute a clearly unwarranted invasion of personal privacy".[2] Given my
understanding of the context in which these records were produced, I do not believe that
these exemptions pertain to any of the remaining records. Therefore I respectfully request
that each of the seventy-five records, referred to in the NAVSEA letter, be immediately
disclosed to me in their entirety.

In light of the fact that it has been almost two years since my initial request, I respectfully
request that you expedite this appeal. Thank you for your assistance in this matter.

Sincerely,

Peter L. Duffy

Copy to: NAVSEA 00D3


---

[1] Page 17, Exemption 5, "A Citizen's Guide on Using the Freedom of Information Act and the Privacy Act
of 1974 to Request Government Records", 106th Congress, 1st Session, House Report 106-50, U.S.
Government Printing Office, Washington : 1999
[2] Page 17, Exemption 6, "A Citizen's Guide on Using the Freedom of Information Act and the Privacy Act
of 1974 to Request Government Records", 106th Congress, 1st Session, House Report 106-50, U.S.
Government Printing Office, Washington : 1999

# Exhibit M



**DEPARTMENT OF THE NAVY**
OFFICE OF THE GENERAL COUNSEL
1000 NAVY PENTAGON
WASHINGTON, D. C. 20350-1000

MAR - 1 2004

CERTIFIED MAIL -- RETURN RECEIPT REQUESTED

Mr. Peter L. Duffy
210 Boston Road
Sutton, MA 01590

Dear Mr. Duffy:

This letter is the final administrative adjudication of
your Freedom of Information Act (FOIA) and Privacy Act
appeal dated 24 January 2004 from a 9 January 2004 letter by
Naval Sea Systems Command (NAVSEA).

You submitted an undated request to the Naval
Underwater Center Division (NUWC) Newport that was received
on 4 March 2002 for a copy of four items of information
pertaining to yourself. NUWC Newport informed you on 10 May
2002 that your request had been forwarded to the initial
denial authority, NAVSEA. You submitted an administrative
appeal docketed as OGC-102/02 on 5 July 2002.

On 9 January 2004, NAVSEA released portions of
documents but withheld other portions under 5 U.S.C. §§
552(b)(5) and (6) and also stated that the Privacy Act was
not considered applicable to the requested information. You
were advised by my office on 12 January 2004 that your
administrative appeal was moot but that you could submit
another appeal from the 9 January 2004 NAVSEA letter.

Your appeal raises the following issues:

1. Whether you are entitled to access to the requested
   information under the Privacy Act, 5 U.S.C. § 552a;
2. Whether exemption 5 of FOIA properly justifies
   withholding of the responsive information;
3. Whether there are segregable factual portions of
   materials withheld under exemption 5 of FOIA that
   are subject to disclosure; and
4. Whether portions of the responsive information are
   properly withheld under exemption 6 of FOIA.

Upon review, I conclude that you are not entitled to
access to the requested information under the Privacy Act, 5
U.S.C. § 552a. I also conclude that under the attorney work-
product and deliberative process privileges of exemption 5
of FOIA portions of the responsive information were properly

withheld. I further conclude that portions of the responsive information were properly withheld under exemption 6 of FOIA. However, there are segregable portions of withheld information that are subject to disclosure and those portions are provided to you as an enclosure to this letter.

With respect to the first issue raised, the responsive records are not filed in a "system of records" pertaining to you under the Privacy Act. Under 5 U.S.C. § 552a(a)(5), a system of records is defined as follows:

> A group of any records under the control of an agency from which information is retrieved by the name of the individual or by some identifying number, symbol or other identifying particular assigned to the individual.

Numerous courts have held that an individual has no Privacy Act right of access to records if they have not been indexed and retrieved by his or her name or other personal identifier. Manuel v. VA Hospital, 857 F.2d 1112, 1115-17 (6th Cir. 1988), cert. denied, 489 U.S. 1055 (1989). Therefore, under the Privacy Act, you are not entitled to access to the responsive records.

With respect to the second issue raised, exemption 5 of FOIA protects "inter-agency or intra-agency memorandums or letters which would not be available by law to a party . . . in litigation with the agency." The Supreme Court has stressed that the coverage of exemption 5 is quite broad, encompassing not only the statutory civil discovery privileges, but also those commonly recognized by civil law and not limited to those privileges explicitly mentioned in the legislative history. See United States v. Weber Aircraft Corp., 465 U.S. 792, 800 (1984).

The attorney-client privilege protects "confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice." Mead Data Central, Inc. v. Department of the Air Force, 566 F.2d 242, 252 (D.C. Cir. 1977). It usually applies to facts divulged by a client to his attorney and also encompasses opinions given by an attorney to her client based upon those facts, see, e.g., Schlefer v. United States, 702 F.2d 233, 245 (D.C. Cir. 1983), as well as communications between attorneys that reflect client-supplied information. See, e.g., Green v. IRS, 556 F. Supp. 79, 85 (N.D. Ind. 1982). In this instance, some email messages or portions of those messages are subject to protection under the attorney-client privilege because of the role of the NUWC Newport attorney.

2

The attorney work-product privilege incorporated into exemption 5 protects documents and other memoranda prepared by an attorney in contemplation of litigation. Hickman v. Taylor, 329 U.S. 495, 509-10 (1947). The privilege is not limited to civil proceedings but also extends to administrative proceedings, Exxon Corp. v. Department of Energy, 585 F. Supp. 690, 700 (D.D.C. 1983). Litigation need not have actually commenced, so long as specific claims have been identified which make litigation probable, Kent Corp. v. NLRB, 530 F.2d 612, 623 (5th Cir. 1976), cert. denied, 429 U.S. 920 (1976), Savada v. DOD, 755 F. Sup. 6,7 (D.D.C. 1991). The reason such a record must be withheld is to protect the mental impressions, conclusions, opinions and legal theories of attorneys involved in litigation. Such records are withheld in their entirety because "the work product privilege simply does not distinguish between factual and deliberative material." Martin v. Office of Special Counsel, 819 F.2d 1181, 1187 (D.C. Cir. 1987).

In this instance, the NUWC Newport attorney prepared documents cognizant of the fact that you had filed complaints with the Office of the Special Counsel (OSC). Pursuant to 5 U.S.C. § 1221, current or former federal employees and applicants who allege that they were subjected to any personnel action because of whistleblowing may seek corrective action in an administrative appeal to the Merit Systems Protection Board. Such an appeal is known as an "individual right of action" (IRA). By law, the employee or applicant must seek corrective action from the OSC before filing an IRA. Accordingly, portions of the withheld materials were properly withheld under the attorney work-product privilege because they were prepared in anticipation of litigation.

The deliberative process privilege incorporated into exemption 5 protects advice, recommendations and opinions that form the core of Government decisionmaking. In order for the deliberative process to be invoked, two fundamental requirements must be met. First, the communication must be predecisional. Jordan v. Department of Justice, 591 F. 2d 753, 774 (D.C. Cir 1978). Second, the communication must be advice, recommendation, or opinion--not facts. Vaughn v. Rosen, 523 F. 2d 1136, 1143-44 (D.C. Cir. 1975).

The first requirement applies to portions of the email messages that clearly were predecisional and not a final action.

The second requirement is fulfilled because the communications included advice, recommendations, and opinions.

Disclosure of the withheld deliberative information would have a chilling effect on free and open discussion between Government employees.

Protection of information subject to the deliberative process privilege continues whether or not the process results in a specific decision. In Access Reports v. Department of Justice, 926 F.2d 1192, 1196 (D.C. Cir. 1991) Circuit Judge Williams noted that

> Any requirement of a specific decision AFTER the creation of the document would defeat the purpose of the exemption. At the time of writing the author could not know whether the decisionmaking process would lead to a clear decision, establishing the privilege, or fizzle, defeating it. Hedging his bets, he would be drawn into precisely the caution, or the Aesopian language that the exemption seeks to render unnecessary.

With respect to the third issue raised, the primary limitation on the deliberative process privilege is that it is normally inapplicable to purely factual matters or to factual portions of otherwise deliberative material. However, under two circumstances factual information may be withheld:

1. When a document employs specific facts out of a larger group of facts and this very act is deliberative in nature. See Williams v. Department of Justice, 556 F. Supp. 63, 65 (D.D.C. 1982); and

2. When information is so inextricably connected to the deliberative material that its disclosure will expose or cause harm to the agency's deliberations since disclosing factual information will be tantamount to revealing the agency's deliberations.

In this instance, portions of information previously withheld in their entirety are segregable factual information subject to disclosure and being provided to you as an enclosure to this letter.

With respect to the fourth issue raised, under 5 U.S.C. § 552(b)(6), a threshold requirement for withholding responsive documents is that they must be contained in "personnel and medical files and similar files the

4

disclosure of which would constitute a clearly unwarranted
invasion of personal privacy." In Department of State v.
Washington Post, 456 U.S. 595 (1982), the Supreme Court
opined that Congress intended a broad interpretation of the
"personnel files and medical files and similar files"
language of exemption 6, holding that any files about a
person qualified.

Once the threshold requirement of exemption 6 is met,
the focus of inquiry turns on whether disclosure of the
records would constitute a clearly unwarranted invasion of
personal privacy."

In light of the Supreme Court's decision in Department
of Justice v. Reporters Committee for Freedom of the Press,
489 U.S. 749 (1989), a step-by-step approach is taken by
decision makers in the "balancing process" involving
privacy-protection decisions.

The first step is to determine whether a viable
personal privacy interest exists in these records
involving an identifiable, living person. Department of
the Air Force v. Rose, 425 U.S. 352, 372 (1976). The
privacy interest in this instance is considered to be
the names of civilian Department of Defense personnel.
As a result of the increased security awareness
demanded in time of national emergency, release of
these names raises substantial security or privacy
concerns.

The second step is to consider how disclosure would
benefit the general public in light of the content and
context of the information in question.  You have not
identified a public interest supporting disclosure of the
personal information about individuals and there is no
apparent public interest in disclosure of this information.

The United States Supreme Court in Oregon Natural
Desert Association v. Bibles, 117 S. Ct. 795 (1997),
summarily reversed a District Court and 9th Circuit Court of
Appeals decision that had ordered disclosure of the names
and addresses of individuals on an agency mailing list
without holding an oral argument.  In Bibles, the Court
reiterated its opinion that the only relevant public
interest in the FOIA balancing analysis is the extent to
which disclosure of the information sought would shed light
on an agency's performance of its statutory duties or
otherwise let citizens know "what their government is up

to"(quoting Department of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 773 (1989)).

The personal information about individuals, if disclosed, would not shed light on the activity's performance of its duties or otherwise let citizens know about their government.

The privacy interest in information pertaining to such individuals would appear to fall "outside the ambit of the public interest that the FOIA was enacted to serve." Reporters Committee at 775. Thus, protection of the privacy interests of individuals from disclosure in this case is required under exemption 6.

Accordingly, this letter constitutes final partial denial of your appeal by the designated appellate authority for this matter, the Associate General Counsel (Management) of the Department of the Navy. Judicial review of this action may be sought as described in 5 U.S.C. § 552 (a)(4)(B)-(G).

Sincerely,

Arthur H. Hildebrandt
Associate General Counsel
(Management)

Enclosure