```
                     UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| PETER L. DUFFY,                )<br>                                )<br>        Plaintiff,              )<br>                                )       CIVIL ACTION<br>v.                              )       NO. 04-10547-WGY<br>                                )<br>DEPARTMENT OF THE NAVY,         )<br>                                )<br>        Defendant.              )<br>_____)  |  |

## ANSWER

1. Defendant admits that this is the characterization of the action by Plaintiff, and denies that the Privacy Act confers jurisdiction in this action.

2. Defendant admits that this Court has jurisdiction over the action pursuant to the Freedom of Information Act, but otherwise denies the allegations.

3. Defendant admits that venue is proper in this District.

4. Defendant admits the allegations.

5. Defendant admits that Plaintiff attended the course, that the NUWC paid some costs and expenses, and that Plaintiff received a degree from MIT. Otherwise, Defendant lacks sufficient information upon which to admit or deny.

6. Defendant lacks sufficient information upon which to admit or deny what Plaintiff was informed of. Defendant denies all other allegations.

7. Defendant admits that Plaintiff sent a hotline complaint, but

lacks sufficient information to admit or deny the date, since the complaint was undated.  Defendant admits the allegations of the second sentence.  Defendant lacks sufficient information upon which to admit or deny the third sentence.

8.  Defendant lacks sufficient information upon which to admit or deny the allegations.

9.  Defendant denies the allegations.

10.  Defendant admits the allegations.

11.  Defendant admits the allegations in the first sentence and lacks sufficient information upon which to admit or deny the other allegations.

12.  Defendant admits that Plaintiff sent an E-mail to Mr. Gary Stigerwald but otherwise denies the allegations.

13.  Defendant admits the allegations.

14.  Defendant admits the allegations.

15.  Defendant denies the allegations.

16.  Defendant admits the allegations.

17.  Defendant admits the allegations.

18.  Defendant admits that the three individuals retired at or near the dates indicated, but otherwise denies the allegations.

19.  Defendant admits the allegations.

20.  Defendant admits the allegations.

21.  Defendant admits the allegations.

22.  Defendant admits the allegations.

23. Defendant admits the allegations of the first sentence, but avers that the agreement ended potential litigation with respect to Plaintiff's whistleblowing complaint rather than all litigation.

24. Defendant admits the allegations.

25. Defendant admits the allegations.

26. Defendant admits that Admiral Lengerich took the action described.

27. Defendant admits the allegations.

28. Defendant admits the allegations but denies Plaintiff's characterization that the documents were heavily redacted.

29. Defendant admits and denies the allegations as set forth in paragraphs 4-28.

30. Defendant denies the allegations.

31. Defendant admits and denies the allegations as set forth in paragraphs 4-28.

32. Defendant denies the allegations.

33. Defendant lacks sufficient information upon which to admit or deny the allegations.

34. Defendant denies the allegations and, further, avers that Plaintiff was required by law to exhaust administrative remedies before filing a court action.

35. Defendant denies the allegations.

36. Defendant admits and denies the allegations as set forth in

paragraphs 4-28.

37. Defendant denies that anyone other than Plaintiff made any declarations in Exhibit L.

38. Defendant denies that Exhibit J makes the statements referred to.

39. Defendant denies the allegations.

40. Defendant admits and denies the allegations as set forth in paragraphs 4-28.

41. Defendant denies the allegations.

Defendant is not required to respond to Plaintiff's Prayer for Relief, but avers that Plaintiff is not entitled to the relief requested.

                                  Respectfully submitted,

                                  MICHAEL J. SULLIVAN
                                United States Attorney

By:    /s/
     ANITA JOHNSON
     Assistant U.S. Attorney
     U. S. Attorney's Office
     John Joseph Moakley
     United States Courthouse
     1 Courthouse Way, Suite 9200
     Boston, MA  02210
     (617) 748-3282

## Certificate of Service

I hereby certify that I have served the foregoing upon Plaintiff pro se, 210 Boston Road, Sutton, Mass. 01590, by first class mail, postage prepaid, on this seventh day of May, 2004.

                                  /s/