UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PETER L. DUFFY,                )
                               )
         Plaintiff             )
                               )
v.                             )    Civil Action No: 04-10547-WGY
                               )
DEPARTMENT OF THE NAVY         )
                               )
         Defendant             )
_____)

## PLAINTIFF'S STATEMENT PURSUANT TO LOCAL RULE 16.1 (B), (C), (D)

In accordance with the Notice of Scheduling Conference issued on July 29, 2004 the following statement is filed. At the suggestion of the Defendant, parties agreed to submit the following statements separately.

The Complaint in this action requests disclosure of documents pertaining to communications that took place as a result of Plaintiff's protected disclosure of misconduct by members of the Senior Executive Service at his command, to the Naval Inspector General (IG). The allegations of misconduct, to defraud the U.S. Government, were substantiated.

I.   L.R. 16.1 (B) - OBLIGATION OF COUNSEL TO CONFER

Between 11-30 August 2004 parties conferred via US Mail, telephone and e-mail.

II.  L.R. 16.1 (C) – SETTLEMENT

Plaintiff submitted a written settlement proposal to the Defendant on 11 August 2004. The Defendant informed Plaintiff that this proposal was unacceptable. Defendant informed Plaintiff that they would be providing two withheld documents to him

III.   L.R. 16.1 (D)(1) – DISCOVERY

Plaintiff believes discovery is warranted. Defendant has proposed filing a dispositive motion in accordance with F.R.C.P. Rule 56. In accordance with Rule 56(C), *"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."* Discovery by Plaintiff is necessary to ensure that all evidence/facts are considered by the Court prior to ruling on Defendant's motion for summary judgment.

In order to expedite discovery the Plaintiff suggests that the defendant provide a Vaughn Index that addresses each of the withheld documents, as a part of their motion for summary judgment. The Plaintiff further suggests that the Vaughn Index address Allegation #3 of Plaintiff's Complaint, as to why the Privacy Act (PA) does not pertain to each document.

<u>Specific Discovery Requests:</u>

1. Plaintiff believes that some of the individuals, who's correspondence has been exempted under Sec. 552 (b)(5), were involved in the premeditated, conspiratorial effort to defraud the government, that the Plaintiff identified through his whistleblower disclosures to the Naval IG and NAVSEA Counsel. As a consequence of their involvement these individuals suffered material losses and/or disciplinary actions. Plaintiff believes that their involvement breaches the exemption privileges afforded by Sec. 552 (b)(5) and therefore do not qualify for the (b)(5) FOIA exemption. Plaintiff requires discovery to obtain evidence to substantiate specific individuals disqualifying involvement.

a.) Interrogatories will be provided within two weeks of receipt of Vaughn Index. Response will be due within 30 days after service.

b.) Document requests will be provided within two weeks of receipt of interrogatory responses. Response will be due within 30 days after service.

2. Plaintiff believes that the Naval Sea Systems Command has instituted either formally or informally a practice that is meant to routinely violate the time limits for responding to FOIA and PA requests. Plaintiff requires discovery in order to obtain evidence to substantiate this practice.

a.) Interrogatories will be provided within two weeks of the completion of the 16.1 Scheduling Conference. Response will be due within 30 days after service.

b.) Document requests will be provided within two weeks of receipt of interrogatory responses. Response will be due within 30 days after service.

IV.   L.R. 16.1 (D)(2) – MOTIONS

Defendant has proposed filing a motion for Summary Judgment by 20 October 2004. Plaintiff proposes to respond to this motion as well as file a cross motion for Summary Judgment, within two weeks after completion of the discovery period. Plaintiff suggests Defendant respond to its motion for summary judgment within the customary two-week period or within the time Defendant needs to prepare response.

V.   L.R. 16.1 (D)(3) - CERTIFICATION

Plaintiff is acting Pro Se. Certification of costs with client is not applicable.

Peter L. Duffy
Plaintiff, Pro Se
_____
210 Boston Road
Sutton, MA 01590
(508) 865-7977

## CERTIFICATE OF SERVICE

I, Peter L. Duffy, certify that copies of the following document, *PLAINTIFF'S STATEMENT PURSUANT TO LOCAL RULE 16.1 (B), (C), (D)*, for Civil Action No: 04-10547-WGY, were sent via U.S. Postal Service, First Class Mail on 7 September 2004 to the following addresses:

>US Attorney's Office
>Suite 9200 (9th Floor)
>United States Courthouse
>Boston, MA  02210
>
>Attorney General of the United States
>Department of Justice
>Washington, DC  20530
>
>Gordon R. England
>Secretary of the Navy
>1000 Navy Pentagon
>Washington, DC  20350

Peter L. Duffy
Plaintiff, Pro Se

210 Boston Road
Sutton, MA  01590