UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PETER L. DUFFY,            )
                           )
        Plaintiff          )
                           )
v.                         )    Civil Action No. 04-10547-WGY
                           )
DEPARTMENT OF THE NAVY     )
        Defendant          )
                           )

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT

The legal issue is quite simple. Can a government agency, falsely use Freedom of Information Act (FOIA) exemptions to willfully withhold documents for years, and then escape judgment by releasing them just prior to judicial review?

"The Freedom of Information Act is 'primarily an access and disclosure statute.' It provides for wide-ranging citizen access to government documents and presumes them subject to disclosure absent a clear showing to the contrary." St. Andrews Park v. U.S. Dept. of Army Corps, 299 F. Supp. 2d 1246, 1267 (S.D. Fla. 2003) (citing Ely v. F.B.I., 781 F.2d 1487, 1489-90 (11th Cir. 1986). "The FOIA's statutory scheme serves the 'basic purpose' of 'ensuring an informed citizenry, vital to the functioning of a democratic society' and 'opening agency action to the light of public scrutiny.'" Maine v. United States Department of the Interior, 124 F. Supp.2d 728, 736 (D. Me.2001).

The intent of Congress when they wrote FOIA is absolutely clear. Disclosure of government documents within specified time limits unless exempted by one of the nine exemptions specified. Additionally, Congress specifically requires the courts to be on the lookout for agency behavior of acting "arbitrarily or capriciously with respect to the withholding", 5 U.S.C. Section 552(a)(4)(F).

This is a case of just such behavior. The defendant willfully and arbitrarily withheld documents from the Plaintiff for several years by illegally claiming exemptions that obviously did not apply. Then, just prior to review by this Court, the defendant released the withheld documents in an attempt to avoid judicial review and being held accountable for their illegal behavior. Clearly it was not Congress' intent, when they wrote the FOIA statutes, to allow for such government agency behavior.

## LOCAL RULE 56.1 STATEMENT OF UNDISPUTED FACTS

1. On 28 February 2002, the Plaintiff filed a perfected Freedom of Information Act (FOIA) and Privacy Act (PA) request with the Naval Undersea Warfare Center (NUWC). See Complaint, Paragraph 11 and Complaint Exhibit A.

2. On 10 May 2002, the Defendant responds to Plaintiff's FOIA/PA request stating, "Additional records have been located that appear responsive, but are believed to be exempt from both the PA and FOIA. As this command does not have denial authority, those records have been forwarded to the Naval Sea Systems Command for review and release determination." See Complaint, Paragraph 17 and Complaint Exhibit B. Additionally, Defendant stated, "If you do not believe a thorough search was conducted, you have the right to appeal within 60 calendar days to the General Counsel, Navy Department, Washington, D.C. 20360-5110." See Complaint Exhibit B.

3. On 5 July 2002, Plaintiff appealed, to the General Counsel of the Navy, concerning the adequacy of search and NUWC's failure to respond within the FOIA and PA statutory time limits. See Complaint, Paragraph 19 and Complaint Exhibit C.

4.  On 16 July 2002, Mr. Theodore Fredman, Assistant to the General Counsel, Department of the Navy responded by letter stating, "Your appeal will be processed <u>as soon as possible</u>." Emphasis added. See Complaint, Paragraph 20.

5.  On 23 September 2002, 17 February 2003, 9 June 2003, and on 7 October 2003, Plaintiff sends letters of inquiry, regarding the status of Plaintiff's FOIA/PA request, to Mr. Fredman. See Complaint, Paragraphs 21, 24 and Complaint Exhibits D, F, G, and H.

6.  On 7 October 2002, 27 February 2003, and 9 June 2003 Mr. Fredman replied to Plaintiff's FOIA/PA request inquiries. See Complaint, Paragraphs 22, 25 and Complaint Exhibits E, I, and J.

7.  On 9 January 2004, after almost twenty-three (23) months, Mr. A.W. Lengerich of the Naval Sea Systems Command issued a decision on Plaintiff's 28 February 2002, FOIA/PA request. In summary, Mr. Lengerich ruled that the Privacy Act did not apply and that <u>seventy-five pages</u>, out of eighty-five responsive pages identified, were exempt under FOIA exemptions (b)(5) and (b)(6). Emphasis added. See Complaint, Paragraph 26 and Complaint Exhibit K.

8.  On 24 January 2004, Plaintiff again appealed to the Department of the Navy, Office of General Counsel, Mr. Theodore Fredman questioning, "the appropriateness of both the FOIA (b)(5) and (b)(6) exemptions to each of the remaining seventy-five (75) records withheld." See Complaint, Paragraph 27 and Complaint Exhibit L.

9.  On 1 March 2004, Mr. Arthur Hildebrandt, Associate General Counsel, Department of the Navy, responded to Plaintiff's appeal. His response is provided as Exhibit M. See Complaint Paragraph 28 and Complaint Exhibit M.

10. On 18 March 2004, Plaintiff filed Civil Action No. 04-10547-WGY against the Department of the Navy, a Complaint for violations of the Freedom of Information Act and Privacy Act. This complaint was amended on 27 May 2004.

11. On 13 October 2004, before the Honorable Lawrence P. Cohen, a scheduling conference was held. At that scheduling conference Judge Cohen instructed Defendant to prepare a "Vaughn Index" for the withheld documents.

12. On 3 November 2004, Defendant released all seventy-five (75) records withheld. Four (4) of these records contained redactions. These records, along with the forwarding cover letter, are provided in Exhibit A.

## ARGUMENT

### I. Standard of Review for Summary Judgment Motion in a FOIA Case

Summary judgment is appropriate in a FOIA action when the pleadings and declarations show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Federal Rule of Civil Procedure 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Alyeska Pipeline Serv. Co. v. U.S. EPA, 856 F.2d 309, 313 (D.C. Cir. 1988); Cooper v. First Government Mortg. and Investors Corp., 238 F. Supp.2d 50 (D.C. Cir. 2002); Schrecker v. U.S. Department of Justice, 14 F. Supp.2d 111, 115 (D.C. Cir. 1998).

In ruling on a motion for summary judgment, the court must construe all evidence and inferences there from in the light most favorable to the non-moving party. However, the non-moving party must establish more than "the mere existence of a scintilla of evidence" in support of its position. Anderson, 477 U.S. at 252. The non-moving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the ultimate burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

## II. Evidence shows that statutory time limits were willfully exceeded by years.

The intent of congress was timely disclosure of information as required in FOIA, 5 U.S.C. (a)(6). These statutory time limits are stated in terms of days not years. The undisputed facts on record clearly show that Plaintiff was denied access to records he was entitled to for over two years and eight months.

## III. Evidence shows records withheld clearly did not qualify for exemptions claimed.

A review of the records, released to Plaintiff on 3 November 2004 and provided here as Exhibit A, clearly shows that the exemptions claimed by the Department of the Navy, for withholding documents from the Plaintiff for two (2) years and eight (8) months, were willfully, wrongly applied.

First, of the seventy-five (75) records released, two (2) are <u>totally blank</u> with the exception of a page number at the bottom of the page. See Exhibit A, pages 48 and 51.[1] Clearly blank records do not qualify for FOIA exemption (b)(5) or (b)(6).

Second, of the remaining seventy-three (73) records released, six (6) consist of boilerplate disclaimers, contact information or an error message. See Exhibit A, pages 29, 43, 46, 54, 57, and 58. Again, clearly this boilerplate information does not qualify for either FOIA exemption (b)(5) or (b)(6).

Third, of the remaining sixty-seven (67) records released, sixty-three contain content that clearly fails to qualify for either FOIA exemptions (b)(5) or (b)(6). See Exhibit A, pages 1 through 28, 30 through 42, 44, 45, 47, 49, 50, 52, 53, 55, 56, and 59 through 75.

---

[1] Page numbers referenced in this pleading can be found at the bottom <u>left</u> hand corner of the exhibit page. Cover letter is not numbered.

When deciding whether exemption (b)(5) applies to a withheld document, a court should "focus on whether the document in question is a part of the *deliberative process*." National Wildlife Federation, 861 F. 2d at 1118 (emphasis in original). A document must be both "pre-decisional" and "deliberative" to fall within the deliberative process privilege. Sears, 421 U.S. at 150. A review of the sixty-three documents withheld from Plaintiff clearly shows that none of these records qualified to be withheld under the exemption (b)(5) deliberative process.

When deciding whether exemption (b)(6) applies to a withheld document, one needs to consider whether the withheld documents pertain to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy", 5 U.S.C.552 (b)(6). A review of the sixty-three documents withheld from Plaintiff clearly shows that none of these records qualified to be withheld under exemption (b)(6).

Fourth, the remaining four (4) records are heavily redacted. As like the other seventy-one (71) records the Plaintiff believes that neither exemption (b)(5) or (b)(6) apply to these four (4) redacted records and this information continues to be illegally withheld from the Plaintiff. See Exhibit A, pages 69 through 72.

Finally, the defendant knew that these exemptions had not been legally applied and therefore would not survive an in-camera, de novo review by this Court. Consequently they abandoned this illegal strategy and released all the records to the Plaintiff on 3 November 2004 in an attempt to avoid being held accountable for their illegal actions.

**Conclusion**

The Plaintiff has been forced to run the agency's procedural gauntlet for the past two years and eight months in order to obtain documents he was entitled to upon initial request under FOIA.

There is sufficient evidence that a pattern of illegal conduct exists that will continue unless this court declares it unlawful and enjoins the agency from it.

For the foregoing reasons, the Plaintiff respectfully requests that the Court rule as a matter of law that:

a.) the redacted documents (Exhibit A, pages 69 through 72) that are being withheld under 5 U.S.C. 552 (b)(5) and or (b)(6) be released to the Plaintiff in their entirety.

b.) the Court declares that the Defendant has violated the provisions of FOIA, by illegally withholding documents from Plaintiff through falsely applying exemptions, and enjoins the agency from this practice.

c.) the Court order Defendant to pay Plaintiff all legal costs and any other equitable relief, that this Honorable Court may deem appropriate and to which Plaintiff may be entitled.

Dated: 10 December 2004

Respectfully submitted,

Peter L. Duffy
Plaintiff, Pro Se

210 Boston Road
Sutton, MA 01590
(508) 865-7977

## CERTIFICATE OF SERVICE

I, Peter L. Duffy certify that copies of the following document, *MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT*, Civil Action No. 04-10547-WGY, were sent via U.S. Postal Service, on 25 May 2004 to the following addresses:

US Attorney's Office
Suite 9200 (9th Floor)
United States Courthouse
Boston, MA 02210

Attorney General of the United States
Department of Justice
Washington, DC 20530

Gordon R. England
Secretary of the Navy
1000 Navy Pentagon
Washington, DC 20350

Peter L. Duffy
Plaintiff, Pro Se

210 Boston Road
Sutton, MA 01590
(508) 865-7977