```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| PETER L. DUFFY, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION<br>) NO. 04-10547-WGY / LPC |
| DEPARTMENT OF THE NAVY, | ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

The Freedom of Information Act's exemptions from disclosure of government information are generally discretionary, and not mandatory, in nature. <u>Chrysler Corp. v. Brown</u>, 441 U.S. 281, 293 (1979); <u>Bartholdi Cable Co. v. FCC</u>, 114 F.3d 274, 282 (D.C. 1997) ("FOIA's exemptions simply permit, but do not require, an agency to withhold exempted information"); <u>CNA Fin. Corp. v. Donovan</u>, 830 F.2d 1132, 1334 n. 1 (D.C. Cir. 1987)(an agency's FOIA disclosure decision can be "grounded either in its view that none of the FOIA exemptions applies, and thus that disclosure is mandatory, or in its belief that release is justified in the exercise of its discretion, even though the data fall within one or more of the statutory exemptions").

Although the Department of the Navy withheld the 75 pages that are the subject of this lawsuit, based on its determination that they fell within exemptions (5) or (6) of the FOIA, the Navy reconsidered its determination as this litigation proceeded, and

concluded that it would exercise its discretion, waive its right to withhold, and release the vast bulk of the documents. Contrary to Plaintiff's averments, there is nothing untoward in the Navy, or any agency, reconsidering whether to release documents that it has the legal authority to withhold. It is the case here that the Plaintiff is the beneficiary of the Navy's reconsideration and has nothing to complain about regarding the documents that he has received; moreover, his remonstrations are moot.

The Navy has provided justification to the Court in its Motion for Summary Judgment, for its determination that a tiny group of documents should be continued to be withheld. It has filed the withheld documents, under seal, for this Court to scrutinize and evaluate.

Plaintiff pro se seeks an Order from this Court for payment of "all legal costs." Ab initio, this request is both unripe and unquantified. In any event, it is well established that a pro se litigant is not entitled to attorneys' fees. <u>Aronson v. U.S. Dept. of H.U.D.</u>, 866 F.2d 1, 4 (1st Cir. 1989)(In FOIA case, all circuits that have considered the question have held that a non-lawyer pro se litigant is not entitled to attorney fees); <u>Kay v. Ehrler</u>, 900 F.2d 967, 970-71 (6th Cir. 1990)(Nine circuits have held that pro se non-attorney plaintiffs cannot recover attorney's fees under the FOIA); <u>Ray v. U.S. Dept. of Justice, INS</u>, 856 F. Supp. 1576, 1579 (S.D. Fla. 1994)("All Circuits that

have considered the issue are in agreement that a pro se litigant who is not an attorney may not recover attorney's fees under FOIA").

Finally, Plaintiff has provided no basis for his request for injunction. He has not demonstrated that the Navy "falsely" applied FOIA exemptions to the documents that he requested, he has not demonstrated that it is agency practice and procedure to "falsely" apply FOIA exemptions, and he has not, of course, demonstrated likelihood of recurrence, among other reasons.

    Respectfully submitted,

    MICHAEL J. SULLIVAN
    United States Attorney

    /s/ Anita Johnson
    ANITA JOHNSON
    Assistant U.S. Attorney
    Suite 9200, Moakley U.S. Courthouse
    One Courthouse Way
    Boston, Mass. 02210
    (617)748-3282

Of Counsel:

Nanette L. Oppenheimer
Office of General Counsel, NAVSEA
U.S. Department of the Navy
1333 Isaac Hull Ave. SE
Washington, D.C. 20376

## Certificate of Service

I hereby certify that the foregoing has been served upon Peter L. Duffy, pro se, 210 Boston Road, Sutton, Mass. 01590, by first class mail, postage prepaid, on this 29th day of December, 2004.

    /s/ Anita Johnson