UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PETER L. DUFFY,                )
                               )
        Plaintiff              )
                               )
v.                             )    Civil Action No. 04-10547-WGY/LPC
                               )
DEPARTMENT OF THE NAVY         )
        Defendant              )
                               )

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**A.    Privacy Act**

The Defendant withheld seventy-five (75) records from Plaintiff for a period of over two years and eight months. All these records were released on 3 November 2004 (four were totally redacted). The Plaintiff has now reviewed the unredacted records and based on that review concurs with the Defendant that the Privacy Act does not pertain to these records.

**B.    Defendant's is Using Conflicting Document Number Referencing Schemes**

Between the time the Defendant filed their Answer and their Motion for Summary Judgment the Defendant has changed their record / document number referencing scheme. The resultant change causes confusion and now brings into question how many documents were actually withheld from Plaintiff.

On 9 January 2004 the Defendant characterized the withheld documents as seventy-five (75) pages (see Complaint, Exhibit K). This fact was "admitted" in Defendant's Answer submitted on 7 May 2004 (See Answer, Page 3, Paragraph 26). On 3 November 2004, Defendant released all seventy-five (75) pages withheld. <u>Four (4) of these pages contained redactions of all subject matter.</u>

Defendant's Motion For Summary Judgment now employs a new number referencing scheme. This new numbering scheme refers to documents 1 – 55 and provides no correlation with the original 75 pages.

Further, a discrepancy now exists, concerning the remaining withheld documents. The Defendant states (see Defendant's Memorandum In Support Of Motion For Summary Judgment, bottom of page 4) "Three documents, consisting of six pages, were not disclosed". The three redacted documents (50, 51, 52) that the Defendant sent to Plaintiff on 3 November 2004 consisted of only four pages. Therefore, there are either four out of seventy-five pages withheld OR six out of seventy-seven pages withheld. The defendant should be required to correct and clarify this discrepancy.

## C.     Withheld Records are Responsive to Plaintiff's FOIA Request

Plaintiff's original FOIA request, made on 28 February 2002, requested, among other documents, "Any correspondence / record to any employee within the DON (Department of the Navy) in reference to Peter L. Duffy's; Naval Inspector General Complaint, Office of Special Counsel Complaints, utilization of leave, placement in a Leave Without Pay (LWOP) status, denial of advance leave, 2000-2001 Performance Evaluation, 2000-2001 Performance Award.

The documents that continue to be withheld, are believed to be communications between individuals who were involved in whistleblower retaliation actions against Plaintiff. Please see Attachment 1, Plaintiff's Declaration. Because these emails involve discussions involving actions that could be investigated by the Office of Special Counsel they are clearly covered by the Plaintiff's original request.

**D.     Defendant Has Not Provided a Vaughn Index as request by the Court**

On 13 October 2004, before the Honorable Lawrence P. Cohen, a scheduling conference was held. At that scheduling conference Judge Cohen instructed Defendant to prepare a "Vaughn Index" for the withheld documents. The Defendant, in their Motion For Summary Judgment, did not provide a Vaughn Index as requested but rather submitted two employee declarations. The two declarations provide an interesting historical summary of the existing court record but do little to provide the Plaintiff with the sufficient detail required in which to effectively argue against the claimed exemptions.

"A true Vaughn index <u>identifies discrete portions of documents</u> and identifies the exemption pertaining to each portion of the document. In most cases, such an index provides the date, source, recipient, subject matter and nature of each document in sufficient detail to permit the requesting party to argue effectively against the claimed exemptions and for the court to assess the applicability of the claimed exemptions", <u>St. Andrews Park v. U.S. Dept. Of Army Corps</u>, 299 F.Supp.2d 1264, 1271 (S.D.Fla. 2003) (emphasis added). Further, "In order for agency to meet its burden of demonstrating that documents withheld from FOIA disclosure are properly exempted and have been reasonably segregated, it must provide relatively detailed justification, specifically identifying reasons why particular exemption is relevant and correlating those claims with particular part of withheld document to which they apply.", <u>Hornbostel v. U.S. Dept. Of Interior</u>, 305 F.Supp.2d 21, 24 (D.D.C. 2003). The Defendant has failed to meet this burden.

### E. The Defendant has Improperly Invoked Exemption 5 of the FOIA

5 U.S.C. 552 (b)(5) exempts from FOIA's disclosure obligation "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."

Clearly the withheld documents, 50-52, are intra-agency and therefore pertain to the first requirement of Exemption 5, in that they are "inter-agency or intra agency memorandums or letters".

However these documents <u>fail</u> to meet the second requirement. Specifically those documents "which would not be available by law to a party other than an agency in litigation with another agency" as they are documents which would be discoverable in a civil action. This requirement was further emphasized by the Supreme Court in EPA v. Mink, "This language clearly contemplates that the public is entitled to all such memorandum or letters that a private party could discover in litigation with the agency", <u>EPA v. Mink</u>, 410 U.S. 73 (1973).

Given Plaintiff's Declaration, see Attachment 1, these documents clearly would be discoverable in a civil action since three of the individuals involved in these communications were also the subjects of an Office of Special Counsel (OSC) investigation regarding their roles in retaliatory actions against the Plaintiff, in violation of the Whistleblower Protection Act. These individuals are John Conti, Joseph Murphy and David Dence. As a consequence of this the subject documents, Documents 50-52, would be subject to discovery because these communications would provide insight into the alleged retaliatory mindset of these individuals. Therefore these documents would not qualify for exemption under Exemption 5 and the Defendant's claim, that the Deliberative Process Privilege applies, is not valid.

**F.   The Defendant has Improperly Invoked Exemption 6 of the FOIA to Justify Withholding "Third Party" Names.**

5 U.S.C. 552 (b)(6) clearly states that the exemption pertains to, "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy". The "third party" names, contained in the subject email documents, being withheld are not in "personnel and medical files and similar files". Therefore this exemption does not pertain to these names and the names should not be withheld under this exemption.

**G.   The Defendant Incorrectly Applied the "Clearly Unwarranted Invasion of Personal Privacy" Qualification of Exemption 6**

The Defendant states, "Once the threshold requirement of exemption 6 is met, the focus of inquiry turns on whether disclosure of the records would constitute a "clearly unwarranted invasion of personal privacy." In doing so the Defendant cites <u>Department of Justice v. Reporters Committee for Freedom of the Press</u>, 489 U.S. 749 (1989) as providing a "step by step process for balancing privacy-protection interests". This approach is wrong. Department of Justice v. Reporters Committee for Freedom of the Press pertains to law enforcement files covered by Exemption 7(C) <u>not</u> personal, medical or similar files covered by Exemption 6. Further, the Supreme Court ruled that the privacy language for Exemption 7(C) is "broader" and therefore more protective of the privacy rights pertaining to law enforcement records than the personal, medical and similar files covered by Exemption 6.

"Exemption 7(C)'s privacy language is broader than the comparable language in Exemption 6 in two respects. First, whereas Exemption 6 requires that the invasion of privacy be "clearly unwarranted," the adverb "clearly" is omitted from Exemption 7(C). This omission is the product of a 1974 amendment adopted in response to concerns expressed by the President. Second, whereas Exemption 7(C) encompasses any disclosure that "could reasonably be expected to constitute" such an invasion. This difference is also the product of a specific amendment. Thus, the standard for evaluating a threatened invasion of privacy interests resulting from disclosure of records compiled for law enforcement purposes is somewhat broader than the standard applicable to personal,

medical and similar files." <u>Department of Justice v. Reporters Committee for Freedom of the Press</u>, 489 U.S. 749, 757 (1989)

The correct guidance for applying the invasion of privacy qualification is found in Dept of Air Force v. Rose, which specifically addresses Exemption 6.

"Congress enunciated a policy, to be judicially enforced, involving a balancing of public and private interests. Regardless of whether the documents whose disclosure is sought are in "personnel" or "similar" files, non disclosure is not sanctioned unless there is a showing of a clearly unwarranted invasion of personal privacy". <u>Dept. of Air Force v. Rose</u>, 425 U.S. 352 (1976)

Identifying the "third party names" contained in Documents 50-52 would <u>not</u> constitute a "clearly unwarranted invasion of personal privacy".

## CONCLUSION

Documents 50- 52 are being withheld from Plaintiff not to protect the government's policy decision-making process but rather to keep secret the actions of a few civil servants. Clearly this is the type of secrecy that Congress intended to eliminate with FOIA statute

Dated: 5 January 2005

Respectfully submitted,

Peter L. Duffy
Plaintiff, Pro Se

210 Boston Road
Sutton, MA  01590
(508) 865-7977

## CERTIFICATE OF SERVICE

I, Peter L. Duffy certify that copies of the following document, *PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT*, Civil Action No. 04-10547-WGY, were sent via U.S. Postal Service, on 5th of January 2005 to the following addresses:

US Attorney's Office
Suite 9200 (9th Floor)
United States Courthouse
Boston, MA 02210

Attorney General of the United States
Department of Justice
Washington, DC 20530

Gordon R. England
Secretary of the Navy
1000 Navy Pentagon
Washington, DC 20350

Peter L. Duffy
Plaintiff, Pro Se

210 Boston Road
Sutton, MA 01590
(508) 865-7977

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PETER L. DUFFY, )
 )
            Plaintiff )
 )
v. ) Civil Action No. 04-10547-WGY
 )
DEPARTMENT OF THE NAVY )
            Defendant )
 )

## DECLARATION OF PETER L. DUFFY

I, Peter L. Duffy, declare that the following is true and correct to the best of my knowledge.

1. On 18 August 2000 I submitted a whistleblower complaint to the Naval Inspector General alleging executive misconduct by three members of the Senior Executive Service (SES) at my command. One of those three members was David Dence.

2. On 2 September 2001 I submitted a complaint to the Office Of Special Counsel (OSC) alleging whistleblower reprisal. The officials alleged to have been involved in this reprisal action against me were:

   Patrick Bloomfield
   David Dence
   Joseph Murphy

3. On 16 September 2001 I submitted an additional complaint to OSC alleging another whistleblower retaliation action. The officials alleged to have been involved in this reprisal action against me were:

   John Conti
   David Dence

4.  On 12 February 2002 the Naval IG substantiated my allegations, citing "the facts of this case suggest a premeditated, conspiratorial effort to defraud the Government". Each of the IG complaint subject SESers was disciplined for their actions.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 5th day of January 2005.

*/s/ Peter L. Duffy*

Peter L. Duffy

210 Boston Rd
Sutton, MA  01590