UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                )
PETER L. DUFFY,                    )
                                                )
            Plaintiff,                    )
                                                )            CIVIL ACTION
v.                                            )            NO. 04-10547-LPC
                                                )
DEPARTMENT OF NAVY,       )
                                                )
            Defendant.                 )
_____)

**DEFENDANT'S RESPONSE TO DUFFY'S MOTION TO COMPEL**

This Court, on July 1, 2005, ordered the Defendant to (1) "clarify the number of redacted pages"; and (2) to "produce the names withheld under Exemption 6 from within the four redacted pages." The Defendant responds to the Court's Order as follows:

(1) Number of Redacted Pages. As the Court found, the Defendant produced 75 pages of E-mail messages to Plaintiff Peter L. Duffy. Memorandum and Order at 2. The Court noted that four of those pages were heavily redacted. Id. The Court also noted that "The parties agreed that the Navy produced 71 of 75 previously withheld pages in an unredacted form during this litigation." Id. The correct number of pages with redactions produced to Duffy is four, consisting of three documents, as the Court found. There are no other documents that the Defendant assembled in response to Plaintiff's Freedom of Information request that were not produced in either redacted or unredacted form.

The sworn declaration submitted by Stephanie L. Carr in this litigation, at 4, and Defendant's Memorandum in Support of Summary Judgment, at 1, are mistaken in saying that "three documents, consisting of six pages," entitled to be protected from disclosure. Although Stephanie L. Carr was mistaken in stating that "Three documents, consisting of six pages, were not entirely disclosed to plaintiff," her actual description of the documents makes it clear that there were only four pages involved. Carr Declaration at 5-6. Accordingly, the Defendant is entirely in agreement with the Court's statement that four pages were produced to Plaintiff in redacted form.

(2) <u>The Names Withheld under Exemption 6.</u>  The Court has held that "the deliberative process privilege protects the content of the emails, including the names therein, . . ." Memorandum and Order at 7.  However, the Court has directed disclosure of "the names of the civilian Department of Defense personnel receiving or sending the e-mails." <u>Id.</u> at 7 ("names of the civilian employees writing and receiving the four pages of emails" at 8).  The Defendant has already disclosed these names.  On November 3, 2004, the three redacted documents were produced to the Defendant with the entirety of the remaining documents, with the names of the senders and receivers of the emails unredacted. However, these redacted documents are being sent to Plaintiff again on this day.

Accordingly, there is no basis for Duffy's motion to compel, and the Defendant requests that his motion be denied.

          Respectfully submitted,

          MICHAEL J. SULLIVAN
          United States Attorney

          /s/Anita Johnson
          ANITA JOHNSON
          Assistant U.S. Attorney
          U.S. Attorney's Office
          John Joseph Moakley U.S. Courthouse
          1 Courthouse Way - Suite 9200
          Boston, MA 02210
          (617)748-3266

Of Counsel:

Nanette L. Oppenheimer
Office of General Counsel, NAVSEA
U.S. Department of the Navy
1333 Isaac Hull Ave. SE
Washington, D.C. 20376

## Certificate of Service

I hereby certify that I have served Plaintiff pro se, Peter L. Duffy, 210 Boston Road, Sutton, Massachusetts 01590, by first class mail, postage prepaid, on this ninth day of August 2005.

          /s/Anita Johnson